UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGEL RONALDO MERIDA
CARDONA,

    Petitioner,

v.                                         Case No. 6:26-cv-444-RBD-NWH

LOUIS A. QUINONES, JR.;
GARRETT RIPA; SECRETARY
KRISTI NOEM; PAMELA JO
BONDI; U.S. DEPARTMENT OF
HOMELAND SECURITY; and
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

    Respondents.
_____

## ORDER AND INJUNCTION

Before the Court is Petitioner Angel Ronaldo Merida Cardona's Petition for Writ of Habeas Corpus (Doc. 1) and Motion for Temporary Restraining Order (Doc. 3).

This immigration case—involving a noncitizen who has lived here for over a decade detained by ICE after a traffic stop—is materially identical[1] to *Guaiquire v. Quinones*, No. 6:26-cv-169 (M.D. Fla. Feb. 3, 2026) (Doc. 19), in which the Undersigned recently conducted an exhaustive analysis concluding that 8 U.S.C.

---

[1] Like in *Guaiquire*, there is no assertion that this Petitioner has any criminal history.

§ 1225 is an unlawful basis for detaining noncitizens already present in this country. (*See* Docs. 1, 3.) The only difference between this case and *Guaiquire* is that this Petitioner already had a pending removal order against him when he was detained, though he is subject to deferred action. (Docs. 3-5, 3-7.) But as the Government conceded, that removal order is nonfinal and currently on appeal (Doc. 3-6), so "jurisdiction and the merits of this matter are analyzed as if there were not an order of removal." (Doc. 7, p. 7.) *See generally* 8 U.S.C. § 1231 (governing finality of removal orders and detention of aliens subject to final removal). Given this, the Government's *only* basis for detaining Petitioner was § 1225.[2] (Doc. 7.) Because § 1225 may not be used to detain noncitizens already present in the country, Petitioner has been unlawfully detained and must be immediately released.[3]

---

[2] Because the sole basis for detention was § 1225—not § 1231—the Court passes no comment on whether it would have jurisdiction to review ICE's refusal to honor a deferred action in the course of executing a final removal order. (*Cf.* Doc. 1, ¶ 66; Doc. 3, p. 17; Doc. 7, p. 5); *Espinoza-Sorto v. Agudelo*, No. 1:25-CV-23201, 2025 WL 3012786, at *5 (S.D. Fla. Oct. 28, 2025) ("[C]ourts have held that a grant of deferred action is an affirmative immigration benefit that effectively makes it unlawful for a removal order to be executed while the alien has deferred action status. Because Petitioner's claim arises from the Government's grant of deferred action rather than from execution of his removal order, § 1252(g) does not strip the Court of jurisdiction." (cleaned up)).

[3] Petitioner has shown entitlement to habeas relief under 28 U.S.C. § 2241 as well as success on the merits, irreparable injury, and the balance of equities and the public interest in his favor sufficient to justify the issuance of an injunction. *See Guaiquire*, No. 6:26-cv-169 (Doc. 19); *Gimenez Rivero v. Mina*, No. 6:26-cv-66 (M.D. Fla. Jan. 26, 2026) (Doc. 15). The Court need not hold a hearing for judicial economy purposes. *See* Fed. R. Civ. P. 1.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition for a writ of habeas corpus (Doc. 1) and motion for temporary restraining order (Doc. 3) are **GRANTED** only to the extent that 8 U.S.C. § 1225 is an unlawful basis to detain Petitioner, so habeas relief and an injunction are warranted. The remainder of the Petition is **DENIED WITHOUT PREJUDICE AS MOOT**.

2. The Court **INCORPORATES BY REFERENCE** the reasoning in *Gimenez Rivero v. Mina*, No. 6:26-cv-66 (M.D. Fla. Jan. 26, 2026) (Doc. 15), and *Guaiquire v. Quinones*, No. 6:26-cv-169 (M.D. Fla. Feb. 3, 2026) (Doc. 19).

3. Respondents Louis A. Quinones, Jr., Garrett Ripa, Secretary Kristi Noem, Pamela Jo Bondi, U.S. Department of Homeland Security, and Executive Office for Immigration Review, and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner Angel Ronaldo Merida Cardona under 8 U.S.C. § 1225.

4. Respondents are **DIRECTED** to immediately release Petitioner into his counsel's custody on receipt of this Order. If his counsel is unavailable to collect Petitioner, counsel may otherwise make arrangements with the Government's counsel to have Petitioner

safely collected from Alligator Alcatraz. Respondents are not permitted to release Petitioner without ensuring that he is safely collected. The Government's counsel is **DIRECTED** to liaise with Respondents and Petitioner's counsel to ensure Petitioner's safe and immediate release. Petitioner's counsel is **DIRECTED** to immediately notify the Court once Petitioner is safely released and collected.

5. Respondents are **DIRECTED** to provide Petitioner's personal belongings, including his immigration documents, directly to him immediately on release. If his belongings are not available immediately on release because they are not located at Alligator Alcatraz, the Government's counsel is **DIRECTED** to make them available to Petitioner's counsel for pickup within 48 hours of his release.

6. Respondents Louis A. Quinones, Jr., Garrett Ripa, Secretary Kristi Noem, Pamela Jo Bondi, U.S. Department of Homeland Security, and Executive Office for Immigration Review, and all other persons or entities acting in active concert or participation with them, are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner Angel Ronaldo Merida Cardona under 8 U.S.C. § 1226(a) until at least **Friday, March 20, 2026**. Should Respondents elect to later

detain him under that statute after that date, Respondents are **DIRECTED** to release him within ten days of his detainer unless he is provided with a bond hearing before an immigration judge during that ten-day period. If he is redetained and released, Respondents must facilitate his transportation from the detention facility by notifying his counsel of the time and place where he may be collected.

7. No security bond is required for this injunction as the Court deems it unnecessary.

8. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

9. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents and then to close the file.

10. The Clerk is **DIRECTED** to unrestrict and maintain on the public docket the main documents attached as Docs. 1, 3, and 7 only. The exhibits to those main documents must remain under restriction as they contain personally identifiable information.

11. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained and deprived of a timely hearing but not released as ordered herein, he may move to reopen this case without opening a new file.

12. The Court also **RETAINS** jurisdiction to consider the matter of fees and costs. *See* Local Rule 7.01.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 10, 2026.



ROY B. DALTON, JR.
United States District Judge